UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Magistrate No.
04-M00068-LPC

UNITED STATES OF AMERICA

v.

GARY J. ADAMS

MEMORANDUM AND ORDER ON GOVERNMENT'S
MOTION FOR DETENTION

November 4, 2004

COHEN, M.

The above-named defendant was arrested on the basis of a complaint and warrant charging him with being a felon in possession of a firearm. On the occasion of his first appearance, at which he was represented by retained counsel, the government moved for pretrial detention on the grounds of risk of flight and danger to the community. The detention hearing was continued to and held on November 1, 2004.

I. A. Under the provisions of 18 U.S.C. 3142(c), "[t]he judicial officer may not impose a financial condition that results in the pretrial detention of the person." Thus, a defendant must be released under the provisions of 18 U.S.C. 3142(b) or (c), or detained pending trial under the provisions of 18 U.S.C. 3142(e). See 18 U.S.C. 3142(a).

Under §3142(e), a defendant may be ordered detained pending trial if the

judicial officer finds by <u>clear and convincing</u> evidence, after a detention hearing under the provisions of §3142(f), "...that no condition or combination of conditions (set forth under §3142(b) or (c)) will reasonably assure the safety of any other person or the community....", or if the judicial officer finds by <u>a preponderance of</u> the evidence, after a detention hearing under the provisions of §3142(f), "...that no condition or combination of conditions (set forth under §3142(b) or (c)) will reasonably assure the appearance of the person as required ...".[1]

B.  The government is entitled to move for detention on grounds of danger to the community in a case that--

(1) involves a crime of violence within the meaning of §3156(a)(4);

(2) involves an offense punishable by death or life imprisonment;

(3) involves an offense proscribed by the Controlled Substances Act or the Controlled Substances Import and Export Act for which the punishment authorized is imprisonment for ten years[2] or more; <u>or</u>

(4) involves <u>any</u> felony alleged to have been committed after the defendant has been convicted of two or more crimes of violence, or of a crime, the punishment for

---

[1] The distinction between the former and latter are made clear by the very language of Section 3142(f). In the last paragraph of that section, Congress has stated there must be <u>clear and convincing</u> evidence to authorize pretrial detention when the question is whether any condition or combination of conditions "will reasonably assure the <u>safety of any other person and the community</u>...". (Last emphasis added).  By not requiring that same standard <u>vis a vis</u> an assessment of risk of flight, it is clear that a lesser standard--i.e., preponderance of the evidence-- applies.  And that is precisely the holding in this and other Circuits.  <u>See</u> e.g., <u>United States</u> v. <u>Patriarca</u>, 948 F.2d 789, 792-93 (1st Cir. 1991); <u>United States</u> v. <u>Jackson</u>, 823 F.2d 4, 5 (2d Cir. 1987); <u>United States</u> v. <u>Berrios-Berrios</u>, 791 F.2d 246, 250 (2d Cir.), <u>cert. dismissed</u>, 107 S.Ct. 562 (1986); <u>United States</u> v. <u>Chimurenga</u>, 760 F.2d 400, 405 (2d Cir. 1985); <u>United States</u> v. <u>Himler</u>, 797 F.2d 156, 161 (3d Cir. 1986).

[2] The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense--not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines. <u>See</u> <u>United States</u> v. <u>Moss</u>, __ F.2d __, No. 89-1859, Sl.Op. 8-12 (1st Cir. October 5, 1989).

which is death or life imprisonment, or a ten year [or more] offense under the Controlled Substances Act or the Controlled Substances Import and Export Act.

Additionally, the government or the court <u>sua sponte</u> may move for, or set, a detention hearing where there is a serious risk that the defendant will flee, or where there is a serious risk of obstruction of justice or threats to potential witnesses. See 18 U.S.C. 3142(f).

C.  In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, or whether pretrial detention is warranted, the judicial officer must take into account and weigh information concerning--

   (a) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

   (b) the weight of the evidence against the accused;

   (c) the history and characteristics of the person, including--

   (i) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (ii) whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

   (d) the nature and seriousness of the danger to any other person or the community that would be posed by the person's release....

D.  Additionally, in making the determination, the judicial officer must consider two <u>rebuttable</u> presumptions, to wit:

<u>First</u>, a rebuttable presumption arises that no condition or combination of

conditions will reasonably assure the <u>safety</u> of any other person or the community if the judicial officer finds (1) that the defendant has been convicted of a Federal crime of violence within the meaning of §3156(a)(4) [or a state crime of violence within the meaning of §3156(a)(4) if the offense would have been a <u>federal</u> offense if a circumstance giving rise to federal jurisdiction had existed], a federal offense for which the maximum sentence is life imprisonment or death, a federal offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act--e.g., possession of cocaine, heroin, more than 1000 pounds of marihuana, with intent to distribute--, or the Controlled Substances Import and Export Act, <u>or</u> any felony after the person has been convicted of two or more prior offenses as described immediately above, or two or more state or local offenses that would have been offenses described immediately above if circumstances giving rise to federal jurisdiction had existed; (2) that prior offense was committed while the person was on release pending trial; and (3) not more than five years has elapsed since the date of conviction for that prior offense, or his or her release for that prior offense, whichever is later.

<u>Second</u>, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act or the Controlled Substances Import and Export Act <u>or</u> an offense under the provisions of

18 U.S.C. 924(c)--i.e., use of or carrying a firearm during the commission of a federal offense which is a felony.

Insofar as the latter "presumption" is applicable in assessing "risk of flight", the burden remains with the government to establish "...that no condition or combination of conditions will reasonably assure the appearance of the person as required....". In striking the proper balance, this court must bear in mind Congress' findings that major drug offenders, as a class, pose a special danger of flight. The burden then rests on the defendant to come forward with "some evidence", United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991), indicating that these general findings are not applicable to him for whatever reason advanced. At this point, this court must weigh all relevant factors [set forth under §3142(g)], and then determine whether any condition or combination of conditions will reasonably assure the appearance of the [defendant] as required....".  The decision is an individualized one based on all relevant factors. See United States v. Jessup, 757 F.2d 378 (1st Cir. 1985).[3]

---

[3]  The presumption is always entitled to evidentiary weight, the amount of which, if at all, depends on the nature of the production by the defendant and the other factors set forth under Section 3142(d).  On later occasion, the United States Court of Appeals has observed, inter alia:

> Section 3142(e), however, only imposes a burden of production on a defendant.  The burden of persuasion remains with the government.  Nevertheless, even after a defendant has introduced some evidence to rebut the flight presumption, the presumption does not disappear, but retains evidentiary weight--the amount depending on how closely defendant's case resembles the congressional paradigm, Jessup, 757 F.2d at 387--to be considered along with other factors.

United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)(per curiam); see also, United States v. Perez-Franco, 839 F.2d 867, 869-70 (1st Cir. 1988).  Even when a defendant produces "some evidence" in rebuttal, however--

> the presumption does not disappear. The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight. (Emphasis added).

United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991)(Emphasis added). See also, United States v. Rodriquez, 950 F.2d 85, 88 (2d Cir. 1991).

Additionally, with respect to those presumptions which are triggered by a finding of probable cause that the accused committed the offense with which he is charged, the return of an indictment "fair upon its face" conclusively establishes the existence of probable cause, and triggers the applicability of the particular presumption.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Vargas, 804 F.2d 157, 161 (1st Cir. 1986); United States v. Dominiguez, 783 F.2d 702 (7th Cir. 1986); United States v. Hurtado, 779 F.2d 1467, 1477-1479 (11th Cir. 1985); United States v. Contreras, 776 F.2d 51, 52, 54-55 (2d Cir. 1985); United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985).

Moreover, one may be considered a danger to the community even in the absence of a finding by clear and convincing evidence that the accused will engage in physical violence. To the contrary, as noted by the Committee on the Judiciary (Report of the Committee on the Judiciary, United States Senate, on S. 215. 98th Congress, Report No. 98-147 (May 25, 1983)--

> The concept of defendant dangerousness is described throughout this chapter by the term "safety of any other person or the community." The reference to safety of any other person is intended to cover the situation in which the safety of a particular identifiable individual, perhaps a victim or witness, is of concern, while the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence....The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the "safety of any other person or the community." (Emphasis added; footnotes omitted).

See also, United States v. Hawkins, 617 F.2d 59 (5th Cir.), certiorari denied, 449 U.S.

962 (1980)(trafficking in controlled substances).[4]

Finally, the presumptions are applicable if the judicial officer finds probable cause to believe that the accused has committed one of the predicate offenses referred to above, even if the charge before the court does not involve that particular offense. See United States v. Bess, 678 F.Supp. 929, 934 (D.D.C. 1988); but see, United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985).[5]

II. The defendant is 28 years old, having been born in Boston in 1976. Before his last arrest,[6] since 1998, he had been living with various relatives and a girlfriend in the Greater Boston area. His mother is deceased, and his father, a Boston Police Officer, resides in Dorchester.[7] He is not married, but has a three year old son.[8] In

---

[4] A defendant may be ordered detained as a danger to the safety of another or to the community, however, only if the judicial officer determines that a detention hearing is appropriate under the provisions of 18 U.S.C. 3142(f)(1)(A) through 3142(f)(1)(D). That is to say, even if a detention hearing is appropriate under Sections 3142(f)(2)(A) through 3142(f)(2)(B) [for risk of flight or danger of obstruction of justice or intimidation of witnesses], danger to the community is not a basis upon which a defendant may be ordered detained prior to trial, unless the government has moved under Section 3142(f)(1), and the judicial officer has determined that a hearing is appropriate under that latter section. See United States v. Ploof, 851 F.2d 7 (1st Cir. 1988).

[5] In this court's view, Judge Robinson's decision in Bess, supra, is the more persuasive one, the holding in Chimurenga, supra, notwithstanding. The Bail Reform Act of 1984 was modeled, in large part, on the preventative detention statutes in effect for a number of years in the District of Columbia. This court does not view the requirement that the offense giving rise to the statutory presumption be contained within the formal charge as consistent with the procedural framework imposed by the statute. The Chimurenga court seems to suggest that the requirement is necessary to provide fair notice to the defendant that the statutory presumption will come into play. But a formal charge, as such, is only one method by which to give that fair notice. For example, in a complaint charging armed bank robbery in violation of the provisions of 18 U.S.C. 2113(d), the operative facts set forth in the affidavit in support of the charging complaint may well state that the defendant was using a firearm during the commission of the robbery. That is clearly fair notice.

[6] Based on the facts underlying the charge in this case, the defendant was arrested on August 16, 2004, by local authorities on a number of charges. Those charges were recently dismissed in favor of federal prosecution herein.

[7] His father resides in an apartment in the same building as defendant's grandmother - with whom (the grandmother), the defendant has resided on or off. Insofar as this court can discern, however, the defendant has not resided with his father since at least 1998.

[8] The son resides with his mother in Quincy.

2002, he was shot in the stomach by another. He reports no significant assets or liabilities.

The defendant has a significant prior criminal record. In June of 1994, he was charged with possession of a firearm without a serial number, unlawful possession of ammunition, and unlawful possession of a firearm. On the latter charge, he was sentenced to imprisonment for one year. While on bail in connection with the firearm charges referred to immediately above, the defendant, on September 12, 1994, committed the offense of possession of crack cocaine with intent to distribute, a charge on which he was later convicted and sentenced to probation. In May of 1995, while on probation in connection with the crack cocaine offense, he was charged with distributing a Class B substance, an offense on which he was subsequently convicted and sentenced to a split sentence and probation. In October and August of1997, while on probation on the distribution charge, he committed the offense of driving after his license was suspended on two different occasions. In March of 2002, he was charged with larceny in excess of $5000. He was convicted on that charge on May 20, 2003. In April of 2002, while on bail in connection with the last mentioned larceny charge, he committed the offenses of escape, resisting arrest, assault and battery on a police officer, and possession of a Class D substance, charges on which he was convicted on May 2, 2002, and received a split sentence and probation. In October 2002, while on probation in connection with the escape, assault and battery on a police officer, and possession of a Class B substance, he committed the offenses of possession of a Class D Substance and receiving stolen property. He was convicted on these latter

charges in November of 2002, and was sentenced to imprisonment for one year. During the course of his prior criminal record, he was defaulted on some seven occasions (with two warrants having issued on two of the defaults), and his probation was violated on one other occasion.

    III.   The record evidence shows that on August 13, 2004, in response to a complaint that a group of men were allegedly dealing drugs, Boston Police officers arrived on the scene. The defendant - who was holding an open beer can in his hand - was one of the group. While inspecting the area, one of the Boston Police officers, from outside, looked into a vehicle and observed the handle end of a firearm protruding from under the driver's seat. A record check indicated that that vehicle belonged to the defendant's father. After being advised of his Miranda rights, the defendant indicated that the firearm belonged to him, not to his father. That firearm, the firearm referred to in the criminal complaint before this court, was loaded with six rounds of .357 caliber ammunition.

    IV.   In the circumstances, this court finds and concludes that no condition or combination of conditions, short of pretrial detention, would reasonably assure the presence of the defendant or the safety of the community.

On the matter of risk of risk of flight, the defendant, based on compelling evidence,[9] faces a <u>mandatory</u> <u>minimum</u> sentence of imprisonment for fifteen years as

---

[9] Based on the evidence presented at the detention hearing, there is clearly probable cause (indeed, much more) to believe that the defendant committed the offense charged within the meaning of Rule 5.1, F.R. Cirm. P. He is accordingly ordered bound over for appropriate grand jury action.

an armed career criminal.[10]  Given this maximum exposure, his less than strong roots in the community,[11] his prior conviction for escape, and seven prior defaults (two of which resulted in the issuance of arrest warrants), this court finds and concludes that the government has established by a preponderance of the evidence that no condition or combination of conditions - short of pretrial detention - would reasonably assure the presence of the defendant.

On the matter of danger, this court finds and concludes, for openers, that the statutory presumption referred to above, pp. 3-7, apply to this case, that is to say, that there is a statutory presumption that no condition or combination of conditions of release would reasonably assure the safety of the community.[12]  And the defendant has proffered nothing to effect the weight of that statutory presumption.[13]  To the contrary, the record evidence before this court fully complements the statutory presumption.  The

---

[10]  At the detention hearing, the attorney for the government particularized the prior convictions of the defendant which would serve as predicates for being an armed career criminal, and counsel for defendant did nto gainsay the position that those offenses qualified the defendant as an armed career criminal.

[11]  Ad indicated above, when not in jail for one offense or the other, he has shuffled between various addresses.

[12]  Among other things, the statutory presumption referred to in 18 U.S.C. § 3142(e)(1)-(3) is triggered on a finding that the defendant was (1) convicted of a crime of violence; (2) that crime for which he was convicted was committed while he was on release pending trial; and (3) not more than five years have elapsed since that conviction (or the conclusion of the sentence therefor).  In this case, the defendant was convicted on a charge of assault and battery on a police officer on May 2, 2002.  Assault and battery clearly is a crime of violence within the meaning of 18 U.S.C. § 3142(f)(1)(A) and 18 U.S.C. § 3156(a)(4).  That offense was committed when the defendant was on release pending trial in connection with the charge of larceny more than $500, committed on March 6, 2002.  And that conviction is not stale - *i.e.*, it is not more than five years old.

[13]  "[T]he presumption does not disappear. The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight." (Emphasis added).

United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991)(Emphasis added). See also, United States v. Rodriquez , 950 F.2d 85, 88 (2d Cir. 1991).

That does not mean, of course, that the presumption is conclusive.  The question is whether the defendant has produced some evidence to show 'that what is true in general is not true in [his] case....".   Jessup, supra, at 384.

defendant, who has been convicted on a number of crimes of violence and/or narcotics' trafficking charges, has committed some seven different crimes, including crimes of violence and drug trafficking offenses, while on bail, and numerous other offenses while on probation. To that extent, defendant's own conduct and deeds in the past are the best predictor of his future. The record evidence shows by clear and convincing evidence that the defendant, if released on any conditions, would pose a danger to the community.

  V. IT IS ACCORDINGLY ORDERED that the defendant be DETAINED pending trial, and it is further Ordered--

  (1) That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

  (2) That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

  (3) On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

_____
UNITED STATES MAGISTRATE JUDGE