```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA        )
                                )
v.                              )    CRIM NO. 04-10342-NG
                                )
GARY ADAMS                      )
                                )
```

GOVERNMENT'S OBJECTION TO PROPOSED DOWNWARD DEPARTURE

The United States of America, by and through United States Attorney Michael J. Sullivan and Assistant United States Attorney James P. Dowden, hereby opposes the Court's proposed downward departure of defendant Gary Adams' ("Adams") criminal history category pursuant to section 4A1.3 of the Advisory Sentencing Guidelines. As grounds for this opposition, the government states that Adams' criminal history category does not overstate the seriousness of his five prior predicate convictions. Moreover, Adams' criminal history – which includes drug offenses that span a ten year period – indicates that he is likely to commit crimes in the future. Accordingly, the government believes that a sentence of sixty-months imprisonment (a sentence within the applicable Advisory Guidelines range) is an appropriate and fair sentence pursuant to 18 U.S.C. §3553.

## Background

Prior to the Court's May 10, 2007 sentencing hearing, the parties did not contest the Probation Office's calculation of Adams' Advisory Guidelines sentence range of 57-71 months

imprisonment.  This range is predicated on a total offense level of 21 (including a three point reduction for acceptance of responsibility) within criminal history category IV.  Under the Advisory Guidelines, Adams received seven criminal history points based upon his five prior adult convictions and two additional points because the instant offense (unlawful possession of ammunition by a convicted felon) was committed less than two years following his release from custody on narcotics distribution charges.  Adams' prior qualifying offenses include the following:

> (1) September 14, 1994 conviction for (among other charges) possession of a Class B substance (cocaine) (1 criminal history point).  Adams was originally charged with distribution of a Class B substance in this matter.[1]
>
> (2) May 15, 1995 conviction for (among other charges) possession of a Class B substance (cocaine) (1 criminal history point).  On this occasion, Adams was again originally charged with distribution of a Class B substance.[2]
>
> (3) May 3, 2002 conviction for larceny over $250 (1 criminal history point).  On this occasion, Adams stole $949.51 from the Walgreens store where he was employed.
>
> (4) April 3, 2002 conviction for (among other charges) possession of a Class D substance, assault and battery on a police officer, resisting arrest and escape from a police officer (2 criminal history points).[3]

---

[1] A copy of docket report for this arrest (reflecting the initial distribution charge) is attached hereto as Exhibit 1

[2] A copy of the police report for this arrest (reflecting the initial distribution charge) is attached hereto as Exhibit 2.

[3] A copy of the police report for this arrest (reflecting that Adams engaged in a "violent struggle" with a police officer

2

(5) October 31, 2002 conviction for (among other charges) possession to distribute a Class D Substance, receiving a stolen motor vehicle and a drug violation in a school zone (2 criminal history points).

At sentencing, the Court indicated that it believed a criminal history category of IV overstated Adams' prior criminal history. The Court further stated that under the Advisory Guidelines, it believed that Adams' prior convictions reflect the seriousness of a criminal history category II (with a guideline range of 41-51 months) and that it was inclined to impose a sentence of time-served (Adams has been in federal custody in connection with the instant matter since October, 2004 - *i.e.*, approximately 31 months). The Court then continued the sentencing hearing to allow the government to respond to the Court's proposed departure.

**I. Adams' criminal history category does not overstate the seriousness of his prior criminal record.**

Section 4A1.3 of the Advisory Sentencing Guidelines authorizes a downward departure in circumstances where "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S. SENTENCING GUIDELINES MANUAL §4A1.3 (2006). Application Note 3 specifically illustrates those circumstances in which a downward departure may be warranted,

---

during a traffic stop) is attached hereto as Exhibit 3.

3

stating, "[a] downward departure ... may be warranted if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." U.S. SENTENCING GUIDELINES MANUAL § 4A1.3, application note 3 (2006).

In Adams' case there is no "reliable information" that indicates that his criminal history score overstates the seriousness of his criminal history.  To the contrary, Adams has five prior convictions that span a ten-year period.  <u>United States</u> v. <u>Mayes</u>, 332 F.3d 34, 37 (1st Cir. 2003)(finding defendant's criminal history category was not overstated, because "far from mere aberrant behavior, [defendant] accumulated four convictions for either possessing or distributing illicit drugs during [an] eight year period.");  <u>United States</u> v. <u>Black</u>, 78 F.3d 1, 9 (1st Cir. 1996)(pointing to "frequency" of prior offenses as "an indicium that defendant would recidivate."). Although two of Adams' earliest qualifying convictions (the September 14, 1994 and May 15, 1995 convictions for possession of cocaine) are misdemeanor offenses, it bears noting that both of these offenses were initially charged as felony distribution offenses.  <u>See</u> Exhibits 1,2.  Thus, to the extent there is "reliable information" concerning the seriousness of these prior offenses, it would appear that these offenses are more (and not less) serious than what is reflected by his criminal history

4

points.

Furthermore, Adams' 1994 and 1995 drug convictions are not remote isolated incidents from his past.  See U.S. SENTENCING GUIDELINES MANUAL § 4A1.3, application note 3 (2006); Mayes, 332 F.3d at 38 (noting that defendant's "offenses were committed in rapid succession).  Rather, Adams has engaged in a on-going pattern of criminal behavior since these convictions.  See, e.g., Mayes, 332 F.3d at 37; United States v. Chapman, 241 F.3d 57, 64 (1st Cir. 2001) (noting defendant's tendency to promptly recidivate).  In the intervening ten-year time period, Adams was convicted of (1) assault and battery on a police officer; (2) a larceny involving the left of close to $1,000 from his employer; and (3) a serious narcotics and distribution offense for which he received a one-year prison sentence.  United States v. Fahm, 13 F.3d 447, 451 (1st Cir. 1994)(recidivism is more likely where defendant repeatedly committed the same type of crime as the offense of conviction); Mahoney v. United States, 70 F.3d 1252, *1 (finding "no merit" to argument that defendant's criminal history category was overstated when he had five countable misdemeanor convictions) (unpublished per curiam opinion).  All of these offenses indicate that Adams has been involved in increasingly serious criminal conduct since his first qualifying convictions in 1994-1995.  See United States v. Snyder, 235 F.3d 42,51 n.9 (1st Cir. 2000) (stating that assault and battery on a

police officer is "hardly [a] minor crime[]."). Furthermore, Adams committed the instant offense (unlawful possession of ammunition by a convicted felon) less than two years after his release from prison on the narcotics distribution conviction. See, e.g., United States v. Hoyle, 237 F.3d 1, 8 (1st Cir. 2001) (finding criminal history category was not overstated in part because "the defendant not only had two prior felony convictions but committed the final charged offense only a year-and-a-half after he was released from prison but while still on parole for federal drug trafficking."); cf. United States v. Doe, 18 F.3d 41, 47 (1st Cir. 1994)(commission of offense while on probation is an aggravating factor relevant to departure decision).

    Adams' recent criminal history shows that he has not learned any lessons from his prior convictions, but rather has continued to engage in increasingly serious criminal behavior. See Mayes, 332 F.3d at 37(noting that defendant's prior "lenient sentences ... ranging from 6 to 24 months, generated little, if any, deterrent effect."); United States v. Craven, 239 F.3d 91, 99-100 (1st Cir. 2001) ("The touchstone of extraordinary rehabilitation is a fundamental change in attitude"). His recent convictions (including his 2002 narcotics distribution and assault convictions) do not merely reflect an individual who has associated with negative influences in the past. Rather, they evidence an individual who has shown a proclivity to engage in

criminal behavior. <u>United States</u> v. <u>Gendraw</u>, 337 F.3d 70,73 (1st Cir. 2003)(finding criminal history was not overstated because defendant "has been given the benefit of the doubt many times, yet he has wholly failed to reform himself."). In these circumstances, the government believes that a criminal history category of IV under the Advisory Guidelines does not overstate the seriousness of Adams' criminal past and the likelihood that he will commit future crimes.

**II.  A sixty-month sentence is a sufficient but not greater than necessary punishment.**

The government believes that a sixty-month sentence (a sentence at the low end of Adams' Advisory Guideline range) is a fair and reasonable sentence that is sufficient but not greater than necessary to effectuate the purposes of 18 U.S.C. §3553. <u>See</u> <u>United States</u> v. <u>Jimenez-Beltre</u>, 440 F.3d 514, 518-19 (1st Cir. 2006)(holding Advisory Guidelines remain the starting point of sentencing determination). As detailed above, Adams has engaged in a consistent pattern of criminal behavior over the course of the last ten years. His prior offenses include a serious drug offense and an assault on a police officer. <u>See</u> 18 U.S.C. §3553(a)(1)(sentence should reflect "the nature and circumstances of the offense and the history and characteristics of the defendant"). He has received relatively lenient sentences in connection with these prior offenses, yet he has not taken advantage of these opportunities to change his life. <u>See</u> U.S.C.

§3553(a)(2)(B)(sentence needs to "afford adequate deterrence to criminal conduct").

Moreover, the instant offense is a serious firearms charge. Adams possessed an unregistered gun (and ammunition) in a crowded city neighborhood while he was consuming alcoholic beverages. It is well-documented that unregistered guns pose a serious risk to the safety of the community – particularly when such a gun is possessed by a convicted felon like Adams who has demonstrated his willingness to engage in criminal (and violent) behavior. See U.S.C. §3553(a)(2)(C)(sentence needs to "protect the public from further crimes of the defendant."). Finally, there is nothing unique about Adams' situation that warrants a substantial deviation from the Advisory Guidelines sentence range. See 18 U.S.C. §3553(a)(6)(a sentence should "avoid unwarranted ... disparities among defendants with similar records who have been found guilty of similar conduct."). While Adams no doubt has the support of a loving family, he has failed to take advantage of this love and support in the past. And, his recent criminal past demonstrates that his family support has not - and likely will not - sufficiently deter him from engaging in criminal behavior. In light of all of these factors, the government believes that a sentence of sixty-months imprisonment is a fair and just

punishment.[4]  See 18 U.S.C. §3553(a)(2)(A) (sentence "needs ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.").

## Conclusion

For the foregoing reasons, the United States objects to a downward departure of Adams' criminal history category and believes that the Court should impose a sentence of sixty-months imprisonment.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


By: */s/ James P. Dowden*
James P. Dowden
Assistant U.S. Attorney

May 21, 2007

---

[4] In addition, the government recommends that Adams sentence include a two-year period of supervised release, a $7,500 fine and a $100 mandatory special assessment.

**CERTIFICATE OF SERVICE**

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 21, 2007.

                                          */s/ James P. Dowden*
                                          James P. Dowden
                                          Assistant U.S. Attorney

## DOCKET

9407 CR 05795

**COURT DIVISION:** DORCHESTER
CC#4217637?

**NAME, ADDRESS AND ZIP CODE OF DEFENDANT:**
JOSEPH ADAMS
60 Hazelton St.
Mattapan, MA

**DEF. DOB AND SEX:** 9/2/76
**OFFENSE CODE(S):** 802/900a
**DATE OF OFFENSE:** 9/12/94
**PLACE OF OFFENSE:** 67 Summer St.
**COMPLAINANT:** P.O. Michael Linskey
**POLICE DEPARTMENT (if applicable):** AGVU
**DATE OF COMPLAINT:** 9/13/94
**RETURN DATE AND TIME:** Arrest

**Terms of Release:** ~~$100 CASH~~ 1-7-95  300 Cash

| Date | Proceeding |
|---|---|
| | ☒ Waived  ☐ Retained  ☒ Assigned Bearton (60 AF) |
| 9/13/94 | ☐ Arraigned before J. Coffey |
| | ☐ Advised of right to counsel |
| | ☐ Advised of right to drug exam |
| | ☐ Advised of right to bail review |
| | ☐ Advised of right to F.I. Jury Trial |
| | ☐ Waives  ☐ Requests F.I. Jury Trial |
| | ☐ Advised of alien rights |
| 11/3/94 | ☐ Warrant issued  ☐ Default warrant issued |
| 1/9/95 | ☒ Default removed  ☐ Warrant recalled |
| | ☐ Warrant issued  ☐ Default warrant issued |
| | ☐ Default removed  ☐ Warrant recalled |

**COUNT-OFFENSE:** a) DRINK. ALCOH. BEV. PUB. WAY ORD. 14, S312

| DATE | PLEA | FINDING | JUDGE | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|---|---|
| 1-19-95 | ☐ Not Guilty ☐ Guilty ☐ Nolo ☐ New Plea: ☐ Admits suff. facts | | Coffey | — Dismissed |

☐ Cont. w/o finding until:
☐ Appeal of find. & disp.  ☐ Appeal of disp.

**FINAL DISPOSITION:**
☐ Discharged from probation
☐ Dismissed at request of probation

I HEREBY CERTIFY THAT THIS IS A TRUE COPY, GIVEN UNDER MY HAND AND SEAL THIS 5 DAY OF MAY 20 05
CLERK-MAGISTRATE / ASSISTANT CLERK

| CONT. TO | PURPOSE | CONT. TO | PURPOSE | DATE | TAPE NO | START | STOP |
|---|---|---|---|---|---|---|---|
| 11/3/94 | PTH | | | 9/13/94 | 1446 | 1802 | |
| 1/19/95 | PTH | | | 9/13/94 | 1446 | 2133 | 2268 |
| 1-19-96 | Ref | | | 1-19-95 | 093 | 365? | 377? |
| 6-12-95 | ST | | | | | | |

| DATE | DOCKET ENTRIES |
|---|---|
| 9/13/84 | Cash Bail 100.00 |
| 11-3-94 | DF warr issue bail for[f] |
| 11/03/94 | DEFAULT WARRANT ISSUED TO AGVU (Th). |
| 11/7/94 | Bail Forfeited : $100 /jc |
| 1-9-95 | Deft. bef. ct, warr Enclosed (12) |
| 1-9-95 | Bail set at $300 cash Case cont. to 1/19/95 for PTH. Atty Cronin Appointed. Willing (BWG) (Bail Warning Given) |
| 01.09.95 | Mitt Issued pamela |
| 1/9/95 | Deft bef CT on def. warr. warr. recl. (Th). |
| 1/18/95 | Cash bail $300 jc |
| 1/19/95 | Bail released $300 check # 7849 sic |
| JAN 26 1995 | ABSTRACT SENT TO RMV   I HEREBY CERTIFY THAT THIS IS A TRUE COPY, GIVEN UNDER MY HAND AND SEAL THIS 5 DAY OF may 200_ |
| | ABSTRACT GIVEN TO DEFT IN HAND |
| | CLERK-MAGISTRATE ASSISTANT CLERK |
| | CLOSED |
| | 01 25 x6 DATE   BY |

| DOCKET | ADDITIONAL COUNTS Page __ of __ | DOCKET NUMBER 9407CR5795 JOSEPH ADAMS CW |
|---|---|---|

| COUNT-OFFENSE B) ... CLASS B SUB. W/INT. TO DISTRIB C94C s32 | | FINE PSF | SURFINE 50 vwf | COSTS | TOTAL DUE |
|---|---|---|---|---|---|
| DATE 1-19-95 | PLEA ☐ Not Guilty ☐ Guilty ☐ Nolo ☐ New Plea: ☒ Admits suff. facts FINDING JUDGE Coffey SF | IMPRISONMENT AND OTHER DISPOSITION G. Probation 1-19-96 | | | |
| | ☐ Cont. w/o finding until: ☐ Appeal of find. & disp.   ☐ Appeal of disp. | FINAL DISPOSITION ☒ Discharged from probation ☐ Dismissed at request of probation | | DATE 1/25/96 | |

| COUNT-OFFENSE | | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|
| DATE | PLEA ☐ Not Guilty ☐ Guilty ☐ Nolo ☐ New Plea: ☐ Admits suff. facts FINDING JUDGE | IMPRISONMENT AND OTHER DISPOSITION I HEREBY CERTIFY THAT THIS IS A TRUE COPY, GIVEN UNDER MY HAND AND SEAL THIS 5 DAY OF MAY 2005 | | | |
| | ☐ Cont. w/o finding until: ☐ Appeal of find. & disp.   ☐ Appeal of disp. | FINAL DISPOSITION ☐ Discharged from probation ☐ Dismissed at request of probation CLERK-MAGISTRATE ASSISTANT CLERK | | DATE | |

| COUNT-OFFENSE | | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|
| DATE | PLEA ☐ Not Guilty ☐ Guilty ☐ Nolo ☐ New Plea: ☐ Admits suff. facts FINDING JUDGE | IMPRISONMENT AND OTHER DISPOSITION | | | |
| | ☐ Cont. w/o finding until: ☐ Appeal of find. & disp.   ☐ Appeal of disp. | FINAL DISPOSITION ☐ Discharged from probation ☐ Dismissed at request of probation | | DATE | |

| COUNT-OFFENSE | | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|
| DATE | PLEA ☐ Not Guilty ☐ Guilty ☐ Nolo ☐ New Plea: ☐ Admits suff. facts FINDING JUDGE | IMPRISONMENT AND OTHER DISPOSITION | | | |
| | ☐ Cont. w/o finding until: ☐ Appeal of find. & disp.   ☐ Appeal of disp. | FINAL DISPOSITION ☐ Discharged from probation ☐ Dismissed at request of probation | | DATE | |

| COUNT-OFFENSE | | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|
| DATE | PLEA ☐ Not Guilty ☐ Guilty ☐ Nolo ☐ New Plea: ☐ Admits suff. facts FINDING JUDGE | IMPRISONMENT AND OTHER DISPOSITION | | | |
| | ☐ Cont. w/o finding until: ☐ Appeal of find. & disp.   ☐ Appeal of disp. | FINAL DISPOSITION ☐ Discharged from probation ☐ Dismissed at request of probation | | DATE | |

| COUNT-OFFENSE | | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|
| DATE | PLEA ☐ Not Guilty ☐ Guilty ☐ Nolo ☐ New Plea: ☐ Admits suff. facts FINDING JUDGE | IMPRISONMENT AND OTHER DISPOSITION | | | |
| | ☐ Cont. w/o finding until: ☐ Appeal of find. & disp.   ☐ Appeal of disp. | FINAL DISPOSITION ☐ Discharged from probation ☐ Dismissed at request of probation | | DATE | |

# INCIDENT REPORT

| Field | Value |
|---|---|
| 01 Key Situations | Supplementary / Bias / Licensed Premises / Elderly / Juvenile / Community Disorders / Domestic / Other |
| 02 Complaint No. | 50-216024 |
| 03 Report Dist. | 83 |
| 04 Clearance Dist. | 28 |
| Page | 1 of 2 |
| 04 Type of Incident | POSS CL B W/I |
| 05 Crime Code | 1848 |
| 06 Status | Arrest |
| 07 Date of Occur | 5-13-95 |
| 08 Location of Incident | 7 CORBERT ST DORCHESTER |
| 09 Dispatch Time | O/S |
| 10 Time of Occur | 5:25 PM |
| 11 Victim/Comp | N/R |
| 16 Address | N/A |
| 19 Person Reporting | P.O. J. FREEMAN DET. P. MURPHY |
| 20 Address | DCU 83 |

**Suspect:**
- 24 Arrest
- 25 Name: ADAMS GARY J.
- 26 C.S. No.: 027607615
- 27 Booking No.: 9555603
- 31 Address: 60 HAZELTON ST. MATT.
- 32 Sex: M
- 33 Race: B/H
- 34 Age: 18
- 35 Height: 5'8"
- 36 DOB: 9-2-76
- 37 Special Characteristics Including Clothing: DK BLUE PANTS, BLK BOOTS, BLK KNIT HAT, BLK SOCCER JKT, PURPLE SWEAT SHIRT
- 38 Weight: 140
- 39 Build: SLIM
- 40 Hair: BLK
- 41 Eyes: BRN

**Property:**
| 57 Type | 58 Serial | 59 Brand/Description |
|---|---|---|
| 5 P/B'S | BEIGE ROCK | CRACK COCAINE |

| 65 Type of Weapon/Tool | 66 Neighborhood | 67 Type of Building | 68 Place of Entry |
|---|---|---|---|
| N/A | RES | N/A | N/A |

| 69 Weather | 70 Lighting | 71 Transportation of Suspect | 72 Victim Activity |
|---|---|---|---|
| CLOUDY | DAY | FOOT | N/A |

**76 Narrative and Additional Information:**

ABOUT 5:25 PM THE ABOVE OFFICERS OF THE DCU DETAILED TO 83 OBSERVED THE ABOVE SUSPECT WALKING FROM NELSON ST ONTO CORBERT ST. AS OFFICERS APPROACHED SUSPECT MADE EYE CONTACT WITH OFFICERS AND CONTINUED WATCHING OFFICERS AS THEY DROVE BY. OFFICERS CONTINUED TO MONITOR SUSPECT THROUGH THE VEHICLE REAR VIEW MIRROR AND OBSERVED SUSPECT WITH HIS HEAD TURNED OVER HIS SHOULDER MONITORING THE OFFICERS. OFFICERS RETURNED TO 7 CORBERT ST TO INVESTIGATE FURTHER AT WHICH TIME OFFICERS HAD CONVERSATION WITH THE SUSPECT. WHILE HAVING CONVERSATION WITH THE SUSPECT OFFICERS OBSERVED SEVERAL P/B'S OF WHITE ROCK CRACK COCAINE IN HIS

| 77 Unit Assigned | 78 Tour of Duty | 79 Reporting Officer's Signature | 80 Reporting Officer ID | 81 Partner's ID |
|---|---|---|---|---|
| V831 | 3 | P.O. James J. Freeman Jr. | 9014 | 8689 |

| 82 Date of Report | 5/13/95 |
| 84 Time Completed | 1734 |
| 85 Signature of Patrol Supervisor | Peter King |

BPD Form 1.1 Revised 85

HEADQUARTER'S COPY

| 1. District | 2. Complaint No | BOSTON POLICE DEPARTMENT CONTINUATION SHEET | Page | of |
|---|---|---|---|---|
| B-3 | 50-216024 | | 2 | 2 |
| 3. Report Date | 4. Nature of Incident | Remarks: | | |
| 5-19-95 | Poss of CLBWK | | | |

mouth. Recovered from suspect mouth was 5 P/B's of beige rock crack cocaine. Suspect placed under arrest transported to Dist 3 in the UBGS advised of his rights and booked. Seized from suspect at booking was $19.00 U.S. currency logged into money vault at DCM. Also held as evidence was 1 pager. Drugs logged into drug vault B-3 Bk 9 Pg 839 to be forwarding to FDA for testing ~~Bk 9 Pg~~. Also recovered from suspect at booking were several empty plastic sandwich bags.

BPD Form 1.1.1

1.74

TOTAL P.03




## Massachusetts State Police
### Incident Report
### State Police Milton

**Incident #:** 2002-0H7-0168
**Date:** 2/15/02
**Time:** 1435 hrs

**Incident Report**
**Narcotics**
**Court Location:** DORCHESTER CRT

**Investigating Officer:** Trooper Baker, Paul F 2597 @ H-HQ – CAT Team   **Involves 209A Abuse?** No
**Location:** BOSTON: CORBET STREET

**Driver:** ADAMS, Gary                                              CSI7200200271
11 BROOKVALE ST DORCHESTER, MA 02124                                  Phone: ( ) __-____

| | | | | | |
|---|---|---|---|---|---|
| SSN: 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 | D/O/B: 09/02/1976 | Age: 26 | Sex: Male | Race: | Black Non-Hispanic |
| Height: 5ft 06in | Weight: 150 lbs | Hair: Brown | Eyes: Brown | Build: | Medium |
| BirthPlace: BOSTON | | Marital Status: Single | | Complexion: | Dark |
| Father: GARY | | Mother: SANDRA JOHNSON | | Spouse: | |

**Offense(s):**

- 268-17    ESCAPE FROM OFFICER, AID
- 268-32-b  RESIST ARREST
- 265-13D-a A&B ON POLICE OFFICER
- 94C-34-g  DRUG, POSSESS CLASS D
- 90-23-h   REGISTRATION SUSPENDED, OP MV WITH
- 90-34J    UNINSURED MOTOR VEHICLE
- 90-6      NUMBER PLATE VIOLATION *
- 90-23-    GNUMBER PLATE VIOLATION TO CONCEAL ID

**Alias:**                                   **Peculiarities:**

### Vehicle Information:

| | | | |
|---|---|---|---|
| Operator State & #: MA 530340835 | Class: Class D | Lic. Status: Active | Lic. Exp.: 9/2/02 |
| Date of Susp/Revocation: | Reason: | | |
| DUARTE, Flora C | BX 2947 TAUNTON MA 02124 | | |
| Vehicle State & Reg: MA 4824TG | Veh Year: 1989 | Make/Model: TOYOTA COROLLA | |
| VIN: | Veh Type: Pickup | Veh Color: BLUE | |
| Reg Issue: 5/8/01   Reg Exp: 4/3/02 | Reg Rev/Susp: 9/1/01 | Reason: Insurance Cancellation | |
| M/V Stolen? No | Evidence Seized? No | Inventory Attached? No | |

Investigating Officer's Signature            State Police Milton            Reviewed By
_/s/ Trooper Baker, Paul F 2597_             685 Hillside St.
                                             Milton, MA 02186

Incident #: 2002-0H7-0168                          **Incident Report**
Date:    2/15/02                                           **Narcotics**
Time:    1435 hrs                          Court Location: DORCHESTER CRT

**Incident Gist:**

1. On above date and time, while commuting back to court from lunch, I observed a Toyota Corolla to pass my location on Blue Hill Ave. with a number plate violation (missing front plate). I activated the emergency overhead lights and attempted to stop same. The MV made a right onto Norfolk St. and then another right onto Corbett St. before stopping. I approached the operator, later identified by a MA license as Gary Adams, and asked for a license and registration. I was provided with a license and a title for the MV. At this time, I observed a strong odor of marijauna coming from the interior of the MV. I then had Adams step from the MV and proceed to the rear of the MV. I then peformed a pat frisk of same. A glass vial containing marijauna residue was located in his left front pocket. This was then placed on the roof of the MV. Adams began to get exceptionally fidgety and was placed in handcuffs for my safety. I then placed Adams in the rear of Cr 768 as a MV search was conducted. Tpr. Hubbard was summonsed at this time to provide back up.

2. As the MV search was conducted, a large glassine bag filled with marijauna was located under the front seat. The marijuana was secured in the front of my gunbelt and as I looked back toward the Cr, I observed that Adams was not visible. I approached the Cr and observed Adams laying on his side in the rear of the Cr. I asked Adams to sit up several times before I attempted to physically sit Adams up. At thie time, Adams struck me in the chest with his foot and then exited the Cr. I immediately began to attempt to secure Adams and found that Adams had slipped the handcuff off of one wrist. A violent struggle ensued and continued for several minutes as I attempted to subdue Adams. At one point in the struggle Adams was being placed under control when he spun and attempted to secure this officers firearm. The weapon was retained and I then attempted to secure same while securing my weapon. During the struggle I ended up pulling off Adams sweatshirt and two T-shirts. Adams broke free and I pursue same until I lost him over several fences in backyards.

3. I then proceeded to Dorchester Copurt and secured a warrant for Adams' arrest for above charges. The clerk of Dorchester Court advised that I should still submit a police report and a complaint sheet for above charges on Tuesday. Adams license, the title to the MV, and the MV were seized. The marijauna was inventoried, and secured in the H-7 locker.

4. Case closed.

| Investigating Officer's Signature | State Police Milton | Reviewed By |
|---|---|---|
| Trooper Baker, Paul F 2597 | 685 Hillside St. Milton, MA 02186 | |